UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BLATTNER ENERGY, LLC,

                                                                                        Civil No. 25-2363 (JRT/LIB)

                Plaintiff,

v.

FISHER ASSOCIATES, P.E., L.S., L.A., D.P.C.,    **MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

                Defendant.

---

Erik Allerson, Patrick J. Lindmark, **TAFT STETTINIUS & HOLLISTER**, 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for Plaintiff.

Jeffrey W. Coleman, Stephen F. Buterin, **COLEMAN & ERICKSON**, 10400 Viking Drive, Suite 110, Eden Prairie, MN 55344, for Defendant.

Plaintiff Blattner Energy, LLC ("Blattner") initiated this case against Defendant Fisher Associates, P.E., L.S., L.A., D.P.C. ("Fisher") in Stearns County District Court, a state court in Minnesota. Fisher removed the case to federal court, invoking the Court's diversity jurisdiction. Blattner now moves to remand the case. Because the contract between the parties contains a forum-selection clause requiring that litigation arising between them "be conducted in Stearns County, Minnesota," and because the Court concludes that this provision constitutes a clear and unequivocal waiver of Fisher's right to remove the case, the Court will grant Blattner's Motion to Remand.

**BACKGROUND**

I.  **FACTS AND PROCEDURAL HISTORY**

Blattner initiated this action in Stearns County District Court, bringing claims for Professional Malpractice and Breach of Contract. (Not. Removal, Ex. 1, Summons and Complaint ("Compl."), Jun. 6, 2025, Docket No. 1-1.) Blattner alleged that Fisher violated the terms of the parties' "Master Engineering Services Agreement" (hereinafter, "the Contract"). (Compl. ¶ 11–12.)

After Blattner initiated the case, Fisher removed to federal court, invoking the Court's diversity jurisdiction. (Not. Removal, Ex. 8, Civil Cover Sheet, June 6, 2025, Docket No. 1-8.) Critically, the Contract between the parties contains a provision entitled "Disputes," which provides:

> Unless the parties mutually agree otherwise, the parties shall endeavor to settle disputes by mediation. A demand for mediation shall be filed, in writing, within a reasonable period of time but in no event more than 90 days after a claim, dispute, or other matter in question has arisen. In no event shall a demand for mediation be made after the date when the institution of legal or equitable proceedings, based upon such a claim, dispute, or other matter in question, would have been barred by an applicable statute of limitation. In the event that mediation is unsuccessful, litigation shall be conducted in Stearns County, Minnesota.

(Decl. of Patrick J. Lindmark, Ex. A ¶ 20, July 7, 2025, Docket No. 9.)

Blattner has now filed a Motion to Remand to State Court, arguing that under the forum-selection clause, the case must be adjudicated in state court. (Mot. Remand, July 7, 2025, Docket No. 6.)

**DISCUSSION**

There is no dispute here that the parties entered a valid contract containing the forum-selection language quoted above. The sole issue before the Court is whether the language of the forum-selection clause constitutes a valid waiver of Fisher's right to remove this case to federal court.

**I.    STANDARD OF REVIEW**

**A.    Removal**

A defendant may remove a civil action to federal court only if the action could have been filed originally in federal court. 28 U.S.C. § 1441(a); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). The party seeking removal bears the burden of demonstrating that the Court has jurisdiction. *Bor-Son Bldg. Corp. v. Heller*, 572 F.2d 174, 181 n.13 (8th Cir. 1978). The Court resolves "all doubts about federal jurisdiction . . . in favor of remand." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). After a case is removed, the plaintiff can seek remand to state court for lack of subject matter jurisdiction or for any other defect that makes removal improper. 28 U.S.C. § 1447(c).

The right to remove a case to federal court "can be waived . . . by agreement." *PR Group, LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015). "Such waiver must be clear and unequivocal." *Id.*; *see also Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989).

B.   **Contract Interpretation**

To determine whether the forum-selection clause here meets the clear and unequivocal standard, the Court must interpret the language of the Contract.[1] In Minnesota, "[t]he primary goal of contract interpretation is to determine and enforce the intent of the parties." *Travertine Corp v. Lexington-Silverwood*, 683 N.W.2d 267, 271 (Minn. 2004). When interpreting a written contract, "the intent of the parties is determined from the plain language of the instrument itself." *Storms, Inc. v. Mathy Const. Co.*, 883 N.W.2d 772, 776 (Minn. 2016) (citation and internal quotation marks omitted). When contractual language is "clear and unambiguous," the Court must enforce the plain language of the contract. *Id.* A contact is ambiguous—and thus requires the Court to look to considerations beyond the language itself—only if "it is susceptible to two or more reasonable interpretations." *Dykes v. Sukup Mfg. Co.*, 781 N.W.2d 578, 582 (Minn. 2018).

---

[1] The parties take no position on what body of law should apply to the Court's construction of the forum selection clause at issue here. The "enforceability and interpretation of forum-selection clauses are distinct concepts." *Smart Communications Collier, Inc. v. Pope Cnty. Sheriff's Office,* 5 F.4th 895, 897 n.2 (8th Cir. 2021). The present case involves the interpretation, not the enforceability, of the forum-selection clause. On both related questions, the Eighth Circuit has "decline[d] to take a side on the issue of what law applies"—federal law, or state law. *Id*. Because "[n]ormally, state law applies to interpretations of contracts in diversity actions," *id.*, the Court will construe the language of the Contract in accordance with Minnesota law.

**II.   ANALYSIS**

The Court now turns to the question of whether the forum-selection clause in this case constitutes a clear and unequivocal waiver of Fisher's right to remove the case to federal court.  *PR Group, LLC*, 792 F.3d at 1026.

The relevant contractual language provides that, in the event of a dispute between the parties, "litigation shall be conducted in Stearns County, Minnesota." (Contract ¶ 20.) When interpreting both statutes and contracts under Minnesota law, "[i]t is a well-worn maxim that use of the term 'shall' reflects a mandatory imposition." *Travertine Corp. v. Lexington-Silverwood*, 683 N.W.2d 267, 272 (Minn. 2004).  Applying this principle, the Court concludes that the forum-selection clause is susceptible to only one reasonable interpretation:  All litigation arising from the Contract must be adjudicated in Minnesota District Court in Stearns County, Minnesota.  By using the mandatory "shall," and listing only one jurisdiction in which litigation could be brought, the parties made clear that state court, specifically in Stearns County, is the only permissible forum for this lawsuit.  In entering the Contract, Fisher therefore waived its right to remove this case to federal court, and the case must be remanded.

Fisher argues that the clause at issue here does not use specific enough language to establish Stearns County state court as the sole permissible venue for litigation.  Fisher points out that the clause does not "mention or address removal," "use the word 'court' or 'courts[]' in any capacity," or "specifically state that the Minnesota state court sitting

in Stearns County is the exclusive venue for the litigation of the parties' claims under their" contract.  (Def.'s Mem. Opp. Mot. Remand at 7, July 28, 2025, Docket No. 18.)

This line of reasoning is interesting, but ultimately unpersuasive.  A court of law is the only place the parties can "conduct[]" litigation as described in the forum-selection clause (Contract ¶ 20)—and there is no federal courthouse in Stearns County, Minnesota.[2]  As a technical matter, the federal court could borrow a courtroom in Stearns County, but that does not seem to the Court what the parties to the contract intended, and likely not feasible.  The Court therefore concludes that the absence of the words "court" or "state court" does not render the clause unclear.  Nor is the lack of express reference to removal relevant.  If a case initiated in Stearns County was removed to federal court, it would cease to be "conducted" in Stearns County, Minnesota, as required by the Contract.  In other words, an explicit prohibition on removal is unnecessary, because the Contract requires the case to be adjudicated in state court.[3]  *See City of New Orleans v. Municipal Admin. Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (stating that when a contract "establish[es] an exclusive venue within the contract," it satisfies the requirement that a waiver of the right of removal be "clear and unambiguous'").

---

[2] *Cf. Collier*, 5 F.4th at 898 (rejecting the contention that a clause stating that litigation must "be brought and completed in Pope County, Arkansas" was unclear, because "there is no federal courthouse in Pope County, so this [argument] offers little help").

[3] *See Valspar Corp. v. Sherman*, 211 F. Supp. 3d 1209 1213–14 (D. Minn. 2016) (rejecting a "magic words" approach that would only allow "clauses that literally include the words 'waive' and 'removal'" to be enforced).

Attempting to get around the use of the mandatory "shall," Fisher cites a case from this District in which the court stated, "[a] forum selection clause is not necessarily mandatory or exclusive simply because it contains the word 'shall.'" *See MRP Trading I A, LLC v. Eberhart*, 526 F. Supp. 3d. 470 (D. Minn. 2021) (citation omitted). But Fisher pulls this quote out of context. The forum-selection clause at issue in *Eberhart* provided that the parties' rights "shall be . . . enforceable[] in the State of Texas." *Id.* at 481. The court reasoned that the word "shall" in that case only required that the parties' rights be "enforceable" in Texas, but "le[ft] the [p]arties with options," in terms of alternative forums to enforce those rights. *Id.* The same is not true here. The parties did not merely agree that Stearns County is one valid place to adjudicate disputes under the Contract—they agreed that it is the **only** place to adjudicate such disputes. The use of the word "shall" in this case does indeed establish a mandatory forum-selection provision.

For all these reasons, the Court concludes that forum-selection clause in the parties' contract constitutes a clear and unequivocal waiver of Fisher's right to remove this case in federal court. Accordingly, the Court will grant Blattner's Motion to Remand.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand to State Court [Docket No. 6] is **GRANTED.**

DATED:  December 15, 2025
at Minneapolis, Minnesota.

                                  JOHN R. TUNHEIM
                            United States District Judge